ROBERT PATRICK STICHT (SBN 138586)
T. RUSSELL NOBILE*
ROBERT POPPER*
ERIC LEE (SBN 327002)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Tel.: (202) 646-5172
Facs.: (202) 646-5199
Email: Rsticht@judicialwatch.org
Email: Rnobile@judicialwatch.org
Email: Rpopper@judicialwatch.org
Email: Elee@judicialwatch.org

*Application for admission pro hac vice forthcoming

Attorneys for Plaintiff.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ISSA,<br><br>    Plaintiff,<br><br> v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of California,<br><br>    Defendant. | Case No. **'25 CV 598  AGS JLB**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Congressman Darrell Issa, by and through counsel, files this Complaint and alleges as follows:

  1. Plaintiff is a U.S. representative for California's 48th congressional district and a future congressional candidate for the same seat who seeks declaratory and injunctive relief to enjoin CAL. ELEC. CODE § 3020.

2.    The United States Congress is authorized under art. I, § 4 cl. 1 and art. II, § 1 cl. 4 of the U.S. Constitution to establish the Time for conducting federal elections.

3.    Congress exercised this authority in 1845 when it enacted the first of a trio of statutes that established a uniform national election day for all federal elections.

4.    Under federal law, the first Tuesday after the first Monday in November of every even-numbered year is election day ("Election Day") for federal elections. *See* 2 U.S.C. §§ 1, 7 and 3 U.S.C. §§ 1.

5.    Despite Congress' unambiguous and longstanding statement regarding a single and uniform national Election Day, California modified and extended Election Day by allowing seven additional days after Election Day for receipt of vote-by-mail ballots ("VBM ballots").  CAL. ELEC. CODE § 3020 ("Receipt Deadline").

6.    Plaintiff alleges that California's modification and extension of Election Day to receive and count late-arriving VBM ballots violates federal law and his rights under the U.S. Constitution.

7.    Plaintiff seeks a judgment declaring and enjoining California's Receipt Deadline as preempted and unlawful.

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201 because the matters in controversy arise under the Constitution and laws of the United States.

9.    Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims herein occurred in this district.  28 U.S.C. § 1391(b).

## PARTIES

10.    Plaintiff Darrell Issa is a resident and a registered voter of San Diego County, California.  He intends to vote in the Congressional elections on November 3, 2026. Mr. Issa is also a United States Congressman representing the 48th Congressional District, which is within San Diego and Riverside Counties.  Mr. Issa was recently

Complaint for Declaratory
and Injunctive Relief

reelected to that position on November 5, 2024.  Mr. Issa intends to run for reelection on November 3, 2026.

11.    Defendant Shirley N. Weber is California's Secretary of State and the state's Chief Elections Officer.  CAL. ELEC. CODE § 10.  As such, she is responsible for compiling and determining the votes cast in each congressional election as well as certifying the final electoral results.  CAL. ELEC. CODE §§ 15501 through 15504. Ms. Weber is sued in her official capacity only.

## STATEMENT OF FACTS

12.    Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to remedy deprivations of rights, privileges, or immunities secured by the Constitution and laws of the United States.

13.    The United States Constitution sets forth the authority to regulate federal elections.  With respect to congressional elections, the Constitution provides:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.

U.S. CONST. art. I, § 4 ("Elections Clause").

14.    The power of Congress to set the Time regulations for congressional elections under the Elections Clause is paramount and any conflicting state law must give way.

15.    2 U.S.C. §7 provides that "[t]he Tuesday next after the 1st Monday in November, in every even numbered year, is established as the day for the election, in each of the States and Territories of the United States, of Representatives and Delegates to the Congress commencing on the 3d day of January next thereafter."  *See also* 3 U.S.C. § 1 (appointment of presidential electors) and 2 U.S.C. § 1 (senatorial elections).

16.    California's Receipt Deadline provides that election officials shall count VBM ballots that are received by election officials "no later than seven days after election day" so long as the ballot was mailed on or before election day or, if there is

Complaint for Declaratory
and Injunctive Relief

no postmark, signed and dated by the same date.  CAL. ELEC. CODE § 3020.

17.     California previously required Election Day receipt of VBM ballots.

18.     That changed in 2015, when California's State Assembly amended its election code extending ballot receipt three days beyond Election Day.  *See* 2014 Cal ALS 618; 2014 Cal SB 29; 2014 Cal Stats. ch. 618.

19.     In 2021, the General Assembly further extended the Receipt Deadline to seven days after Election Day.  2021 Cal ALS 312; 2021 Cal AB 37; 2021 Cal Stats. ch. 312.

20.     Under California law, within 38 days of Election Day, Defendant Weber shall "determine the votes cast for candidates for […] Representative and certify to the persons having the highest number of votes for the respective offices as duly elected." CAL. ELEC. CODE § 15503; *see* Cal. Elec. Code § 15501 (providing that the Secretary of State "shall prepare, certify, and file a statement of the vote from the compiled results" for Congressional elections).

21.     Accordingly, the federal electoral results certified by Defendant Weber include purported votes cast in late-arriving VBM ballots.

22.     Since 2000, Plaintiff has participated in thirteen Congressional elections in California as a Republican nominee.

23.     Plaintiff has represented California's 48th, 49th, and 50th Congressional Districts over the course of the last 24 years.

24.     In 2000, Plaintiff was first elected to Congress to represent California's 48th Congressional District.

25.     From 2002 through 2018, Plaintiff was elected to represent California's 49th Congressional District.

26.     From 2020 through 2022, Plaintiff represented California's 50th Congressional District.

27.     Since 2022, Plaintiff has represented California's 48th Congressional

District.

28.    Late-arriving VBM ballots change electoral outcomes in California.

29.    This change to electoral outcomes has been publicly acknowledged by the Office of Secretary of State.  For example, Defendant Weber's predecessor issued a press release advising the public not to rely on initial results from Election Day because the "outcomes of close contests may take days or weeks to settle" due to canvassing of late-arriving VBM ballots.[1]

30.    Indeed, during the 2024 federal election, opponents to Republican incumbents relied on late-arriving VBM ballots to defeat Republican incumbents.

31.    Two of Plaintiff's Republican colleagues lost their reelection campaigns in 2024 due to late-arriving VBM ballots.

32.    Congresswoman Steel (45th Congressional District) and Congressman Duarte (13th Congressional District) were both leading in their respective races immediately after Election Day on November 5, 2024, but ultimately lost reelection due to late-arriving VBM ballots.[2]

33.    Based on these results, late-arriving VBM ballots tend to favor Democratic candidates and provide an unfair electoral advantage for opponents of Republican congressional incumbents.

34.    Republicans receive a lower proportion of votes cast in late-arriving VBM ballots compared to timely-cast ballots.

35.    During the 2024 federal election, Plaintiff's election included late-arriving VBM ballots.

36.    The next federal Election Day is November 3, 2026.[3]

---

[1]    Press Release, California Secretary of State, *What to Expect During the California Vote Count Process* (Oct. 29, 2020), https://bit.ly/41nzfLV.

[2]    Hanna Kang, *Election 2024 Results: Derek Tran now 613 votes ahead of Rep. Michelle Steel*, OC REGISTER, Nov. 27, 2024, https://bit.ly/42KaNFG;  and Jamie Joseph, *RNC rails against California's late mail-in ballot counting amid national litigation: It is absurd*, FOX NEWS, Nov. 27, 2024, https://fxn.ws/435dKAz.

[3]    The next California senatorial and presidential elector election is

Complaint for Declaratory
and Injunctive Relief

37.     Under California's Receipt Deadline, election officials shall count VBM ballots that are received after November 3, 2026, but on or before November 10, 2026, so long as the ballot was mailed on or before Election Day or, if there is no postmark, signed and dated by the same date.

38.     Upon information and belief, the 2026 federal election results will include votes cast in late-arriving VBM ballots.

39.     Plaintiff has a constitutional right to run for office within the uniform Time regulations set by Congress under art. I, § 4 of the U.S. Constitution.

40.     Plaintiff intends to run for reelection as a Republican in 2026.

41.     Plaintiff intends to conduct his campaign in accordance with federal law during the 2026 federal election and all future federal elections in California.

42.     Upon information and belief, Plaintiff's supporters will cast timely and valid votes for federal office in accordance with federal law in the 2026 general election.

43.     California's Receipt Deadline affects how Plaintiff conducts his election campaign.

44.     Counting ballots received after Election Day injures Plaintiff.

45.     California's Receipt Deadline forces Plaintiff to spend money, devote time and resources, and otherwise suffer tangible and intangible injuries complying with this unlawful provision of state law in organizing, funding, and running his Congressional campaign.

46.     Plaintiff relies on provisions of federal and state law in conducting his campaign and, in particular, allocating resources during the post-Election Day activities.

47.     Plaintiff has a significant interest in being able to monitor post-Election Day canvassing and, when necessary, to challenge or otherwise respond to situations

November 7, 2028.  *See* 2 U.S.C. § 7 and 3 U.S.C. § 1.

Complaint for Declaratory
and Injunctive Relief

arising during that canvassing.

48. Extending the period for ballot receipt burdens Plaintiff's campaign and forces him to use the campaign's limited resources to organize and monitor late-arriving VBM ballots during the period after Election Day.

49. By extending the Receipt Deadline, California increases expenses and other resources needed for Plaintiff to organize and monitor post-election canvassing.

50. The increased expenses and use of other resources, such as volunteers, burdens Plaintiff.

51. After the passage of CAL. ELEC. CODE § 3020, it is more expensive and difficult for Plaintiff to monitor canvassing compared to earlier Congressional campaigns he conducted.

52. Many of these new expenses are expenses that Plaintiff did not incur prior to the passage of CAL. ELEC. CODE § 3020.

53. Under CAL. ELEC. CODE § 3020, more votes will be counted than federal law allows to be counted.

54. Under the federal Election Day statutes, a qualified ballot for federal office is not a legally cast vote unless and until it is received by an election official on or before Election Day.

55. Plaintiff has an interest in ensuring that the final vote tally accurately reflects the legally valid votes cast.

56. As a result of California's Receipt Deadline, the final vote tally will not accurately reflect the total legally valid votes cast.

57. Plaintiff is injured by vote tallies that are inaccurate.

58. Plaintiff is entitled to have election results certified with only legal, qualified votes received in compliance with the Time regulations set by Congress in the federal Election Day statutes.

59. Plaintiff is competing for votes in each election. An illegal VBM ballot

Complaint for Declaratory
and Injunctive Relief

counted for his opponent is, in effect, a vote against Plaintiff's candidacy.

60.    Accordingly, Plaintiff suffers electoral harm when illegal and invalid VBM ballots are cast against him and, like his colleagues in 2024, faces a material risk that he may lose future elections due to these unlawful ballots.

61.    Due to the increased use of VBM ballots in California and the acceptance of unlawful late-arriving VBM ballots, Plaintiff faces a potential risk of a similar loss of an election in 2026.

62.    Even if late-arriving VBM ballots in 2026 do not result in his defeat, Plaintiff is injured when an electoral performance is seen as less impressive.

63.    An unimpressive result leads to the public perception that California voters are turning away from Plaintiff's message and platform.

64.    Negative and positive perceptions about support for Plaintiff's message and platform influence donors, supporters, future candidates, and the ability to generate interest in associating with and supporting Plaintiff's message and platform.

65.    Plaintiff's supporters who cast timely and valid votes by Election Day will have their votes diluted by illegal and invalid late-arriving ballots.

66.    Counting untimely, illegal, and invalid votes substantially increases the pool of total votes cast and dilutes the weight of votes cast by Mr. Issa's supporters.

67.    California's Receipt Deadline modifies the time for federal Election Day by extending and providing an alternative Time for the holding congressional elections.

68.    California's Receipt Deadline holds voting open for seven days after Election Day.

69.    California's Receipt Deadline is, therefore, inconsistent with federal Time regulations enacted by Congress.  2 U.S.C. § 7.

70.    California's Receipt Deadline is preempted and, therefore, invalid and void. 2 U.S.C. § 7.

71.     Plaintiff will be subject to harms beyond even these above-stated harms.

Complaint for Declaratory
and Injunctive Relief

## COUNT I

### Violation of the Right to Stand for Office (42 U.S.C. § 1983)

72.    Plaintiff incorporates all prior allegations.

73.    CAL. ELEC. CODE § 3020 requires election officials to hold open voting and count ballots that have been cast and received after Election Day in violation of 2 U.S.C. § 7.

74.    Because VBM ballots received after Election Day are untimely under 2 U.S.C. § 7, they are illegal and invalid.

75.    Defendant, acting under color of California law, has deprived and is depriving Plaintiff of rights protected under the First and Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983 by, *inter alia*, forcing Plaintiff to spend money, devote time and resources, and otherwise suffer tangible and intangible injuries relying on unlawful provisions of state law in organizing, funding, and running his campaign.

76.    Defendant, acting under color of California law, has deprived and is depriving Plaintiff of rights protected under the First Amendment, the Fourteenth Amendment, and the Elections Clause to the U.S. Constitution in violation of 42 U.S.C. § 1983.

77.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights unless Defendant is enjoined from implementing and enforcing CAL. ELEC. CODE § 3020.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of a judgment granting:

   a.   A declaratory judgment that CAL. ELEC. CODE § 3020, and any other California law allowing ballots to be received and counted after Election Day, violate the First and Fourteenth Amendment, the Elections Clause, 2 U.S.C § 1, and that Defendant, acting under color of State law, have

Complaint for Declaratory
and Injunctive Relief

deprived Plaintiff of federal rights secured by the Constitution of the United States and by Acts of Congress;

b.  A declaratory judgment that CAL. ELEC. CODE § 3020 is preempted under Elections Clause;

c.  A permanent injunction prohibiting Defendant from implementing and enforcing the relevant parts of California law, including CAL. ELEC. CODE § 3020, as identified herein;

d.  Any temporary, preliminary, or permanent relief requested during the pendency of this suit that Plaintiff is entitled to, and that the Court deems just and proper; and

e.  Plaintiff's reasonable costs and expenses, including attorney's fees.


March 13, 2025                    Respectfully submitted,


                                 */s/ Robert Patrick Sticht*
                                 ROBERT PATRICK STICHT
                                 T. RUSSELL NOBILE*
                                 ROBERT POPPER*
                                 ERIC LEE

                                 *Attorneys for Plaintiff*

                                 *\*Application for admission pro hac vice forthcoming*

Complaint for Declaratory
and Injunctive Relief