Curtis Lee Morrison (CSBN 321106)
Hamdy Masri (CSBN 354242)
Garrett Carter May (DCBN 90018027)*
RED EAGLE LAW, L.C.
5256 S. Mission Road, Suite 135
Bonsall, CA 92003
phone: 714-661-3446
Email: curtis@redeaglelaw.com

*Attorneys for Proposed Intervenor-Defendant*
\* Application for Admission *Pro Hac Vice* Forthcoming

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ISSA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of California,<br><br>　　Defendant. | Case No. 3:25-cv-00598-AGS-JLB<br><br>**Memorandum of Law in Support of Motion to Intervene**<br><br>Hearing Date:<br>May 16, 2025 at 2:00 PM<br>COURTROOM 5C<br>HON. ANDREW G. SCHOPLER |

**Table of Contents**

I.   Introduction……………………………………………………………………1

II.  Relevant Facts and Procedural History…………………………………...1

    A. CAL. ELEC. CODE § 3020…………………………………………..1

    B. Subsequent Events…………………………………………………….1

III. Legal Standard………………………………………………………………...3

IV.  Argument……………………………………………………………………...4

    A.    The Proposed Intervenor-Defendant Is Entitled To Intervene as of Right Pursuant To Federal Rule Of Civil Procedure 24(a)…………4

        1.    This Motion to Intervene is Timely

        2.    The Proposed Intervenor-Defendant Has Significantly Protectable Interests That Would Be Affected By Plaintiff Issa's Suit………………………………………………………5

        3.    Disposition of This Case May Impair or Impede Proposed Intervenor-Defendant's Ability to Protect His Interests………...7

        4.    Defendant Weber Cannot Adequately Represent Proposed Intervenor-Defendant's Interests……………………………..8

    B.    In the Alternative, The Proposed Intervenor-Defendant Should Be Granted Leave For Permissive Intervention Under Federal Rule of Civil Procedure 24(b)……………………………………………….9

V. Conclusion……………………………………………………………….10

# Table of Authorities

## Cases

*Alaska v. Suburban Propane Gas Corp.*,
　123 F.3d 1317 (9th Cir. 1997) ........................................................................... 4

*In re Cal. Micro Devices Sec. Litig.*,
　168 F.R.D. 276 (N.D. Cal. 1996) ................................................................... 4, 9

*Forest Conservation Council v. U.S. Forest Serv.*,
　66 F.3d 1489 (9th Cir. 1995), abrogated on other grounds by *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ............................. 3, 6

*Fresno Cty. v. Andrus*,
　622 F.2d 436 (9th Cir. 1980) ............................................................................ 3

*Idaho Farm Bureau Fed'n v. Babbitt*,
　58 F.3d 1392 (9th Cir. 1995) ............................................................................ 4

*Kootenai Tribe of Idaho v. Veneman*,
　313 F.3d 1094 (9th Cir. 2002), abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) .................................. 8

*Nw. Forest Res. Council v. Glickman*,
　82 F.3d 825 (9th Cir. 1996) .............................................................................. 8

*Perry v. Proposition 8 Official Proponents*,
　587 F.3d 947 (9th Cir. 2009) ............................................................................ 3

*Portland Audubon Soc'y v. Hodel*,
　866 F.2d 302 (9th Cir. 1989), abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011) ................................ 4

*Sagebrush Rebellion, Inc. v. Watt*,
　713 F.2d 525 (9th Cir. 1983) ........................................................................ 5, 6

*Sw. Ctr. for Biological Diversity v. Berg*,
　268 F.3d 810 (9th Cir. 2001) ............................................................................ 5

*UAW, Local 283 v. Scofield*,
　382 U.S. 205 (1965) .......................................................................................... 8

*United States v. City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002) ...........................................................................3

*United States v. Oregon*,
   913 F.2d 576 (9th Cir. 1990) ...........................................................................4

*Wilderness Soc'y v. U.S. Forest Serv.*,
   630 F.3d 1173 (9th Cir. 2011) ............................................................3, 4, 5, 8

**Rules**

Fed. R. Civ. P. 24(a)……………………………………………………………….1,3

Fed. R. Civ. P. 24(b)……………………………………………………………….1

**Other Authorities**

CAL. ELEC. CODE § 10(b)(1) and(2)…………………………………………….....2

CAL. ELEC. CODE § 3020……………………………………………………..*passim*

CAL. GOV. CODE § 12172.5………………………………………………………2

## **Proposed Intervenor Defendant's Memorandum of Law in Support of Motion to Intervene**

### I.  Introduction

Pursuant to Fed. R. Civ. P. 24(a), CURTIS MORRISON ("Proposed Intervenor-Defendant"), moves to intervene as a matter of right as an Intervenor-Defendant.[1] Alternatively, Proposed Intervenor-Defendant moves the Court for an order allowing him to intervene permissively pursuant to Fed. R. Civ. P. 24(b). The motion should be granted for the reasons below.

### II.  Relevant Facts and Procedural History

### A. CAL. ELEC. CODE § 3020

In 2015, the California's State Assembly amended its election code extending ballot receipt three days beyond Election Day. See 2014 Cal ALS 618; 2014 Cal SB 29; 2014 Cal Stats. ch. 618. In 2021, the General Assembly further extended the Receipt Deadline to seven days after Election Day. 2021 Cal ALS 312; 2021 Cal AB 37; 2021 Cal Stats. ch. 312. Election officials were hopeful the change would help alleviate voters' concerns about mailing in their ballots.[2]

In 2021, the General Assembly further extended the Receipt Deadline to seven days after Election Day. 2021 Cal ALS 312; 2021 Cal AB 37; 2021 Cal Stats. ch. 312.

---

[1] Intervenor-Defendant CURTIS MORRISON, being an admitted member of this court, represents himself in this matter.

[2] Lisa Pickoff-White, *Californians Will Soon Have More Time to Turn in Mail-In Ballots* (November 11, 2024) KQED, https://www.kqed.org/news/10347248/mail-in-ballots-will-soon-require-only-a-postmark-by-election-day, ("Kim Alexander of the California Voter Foundation, for example, says she's seen trays of ballots go uncounted because they were mailed in too late.").

### B. Subsequent Events.

On October 13, 2021, shortly after moving to his current Fallbrook, California home located in the 48th Congressional District, Proposed Intervenor-Defendant registered to vote as a Democratic Party voter.

On March 10, 2025, Proposed Intervenor-Defendant decided and publicly announced his intention to run for Congress as a Democrat in 2026 in the 48th Congressional District, challenging the incumbent, Plaintiff DARRELL ISSA ("Plaintiff Issa").[3]

On March 13, 2025, Plaintiff Issa filed his complaint, initiating this action against Defendant SHIRLEY N. WEBER ("Defendant Weber"), California's Secretary of State and the state's Chief Elections Officer. Complaint, ECF No. 1 at ¶ 11. As the state's Chief Elections Officer, Defendant Weber is responsible for administering the provisions of the Elections Code, and making reasonable efforts to prioritize communities that have been historically underrepresented in voter registration or voting. CAL. GOV. CODE § 12172.5; CAL. ELEC. CODE § 10(b)(1) and(2).

On March 25, 2025, President Donald Trump issued an executive order requiring, among other things, that "[t]he Attorney General shall take all necessary action to enforce 2 U.S.C. 7 and 3 U.S.C. 1 against States that violate these provisions by including absentee or mail-in ballots received after Election Day in the final tabulation of votes for the appointment of Presidential electors and the election of members of the United States Senate and House of Representatives."[4]

Returning to the matter at hand, when late-arriving ballots favor a particular candidate or party, that nuance is not due to voter fraud, but rather, due to US citizen voters, many who have been historically underrepresented in voting, casting late-arriving ballots favoring a particular candidate or party. Of note, many of the late-

---

[3] Youtube, A Minute with the Escondido Democrats, https://youtube.com/shorts/Gb_gzrUSuuU?si=gxV1vfNG81SvvNBN.

[4] Executive Order 14248, *Preserving and Protecting the Integrity of American Elections,* *https://www.federalregister.gov/documents/2025/03/28/2025-05523/preserving-and-protecting-the-integrity-of-american-elections*.

2

arriving ballots are casts by U.S. service members living or working overseas. For example, about half of the 170,000 U.S. service members living or working overseas cast a mail-in ballot in the 2020 election.[5]

Further, California is not the only state with election laws providing for the counting of mail-in ballots received after the date of election. In Nevada, mail ballots are accepted four days after the election so long as they are postmarked by election day. See NRS § 293.269921(1)(b)(2); even ballots with indeterminate postmarks are deemed acceptable if received within three days of the election, see NRS § 293.269921(2). In Oregon, mail ballots are received and counted seven days after the election if the ballot has a postal indicator showing it was mailed no later than the date of the election. See ORS § 254.70(6)(B)(i)-(ii); even ballots with no postal indicator present or legible may be considered to be mailed on the date of the election and counted so long as the ballot was received within seven days of the election, see ORS § 254.70(8). In Washington, mail ballots are counted if postmarked by election day and received before close of business the day before certification of the election. WAC § 434-250-120(1)(c)(i); the certification of a general election occurs twenty-one days after election day, see RCW § 29A.60.190.

In Proposed Intervenor-Defendant's view, CAL. ELEC. CODE § 3020 is lawful, and late-arriving ballots should be counted.

### III. Legal Standard

Federal Rule of Civil Procedure 24(a) states in relevant part:

> On timely motion, the court must permit anyone to intervene who…(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

---

[5] Leo Shane III, *Many military ballots won't be counted until after Election Day*, Military Times (November 4, 2024), https://www.militarytimes.com/news/pentagon-congress/2024/11/04/many-military-ballots-wont-be-counted-until-after-election-day/.

ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit applies a four part test for determining if an applicant has a right to intervene under Rule 24(a)(2). These four factors include: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted). The Ninth Circuit follows "'practical and equitable considerations' and construe[s] the Rule 'broadly in favor of proposed intervenors.'" *Id.* at 1179 (citations omitted). There is a "'liberal policy in favor of intervention [which] serves both efficient resolution of issues and broadened access to the courts.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) (citations omitted). The purpose of this liberal interpretation is to involve "'as many apparently concerned persons as is compatible with efficiency and due process.'" *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 (9th Cir. 1995), abrogated on other grounds by *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *Fresno Cty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (citations omitted).

Further, a movant is not required to satisfy the requirements for Article III standing when it satisfies the requirements for intervention as of right under Rule 24(a). *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 n.2 (9th Cir. 2009); *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302, 308 n. 1 (9th Cir. 1989), abrogated on other grounds by *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

**IV.   Argument**

    **A. The Proposed Intervenor-Defendant Is Entitled To Intervene As Of**

**Right Pursuant To Federal Rule Of Civil Procedure 24(a).**

1. This Motion to Intervene is Timely.

Timeliness is evaluated based on: (i) the stage of the proceedings; (ii) the prejudice to the other parties if intervention were granted; and (iii) the reasons for and length of delay, if any, in seeking intervention. See, e.g., *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997); *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). A motion to intervene is made at a sufficiently early stage of the proceedings when it occurs "before any hearings or rulings on substantive matters." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (allowing environmental groups to intervene four months after the complaint was filed, even though plaintiff had already moved for a preliminary injunction). This case is clearly timely under these factors.

This case is still in its earliest phase. The Proposed Intervenor-Defendant is filing his motion to intervene approximately three weeks after the Plaintiff Issa filed his initial complaint on March 13, 2025. ECF No. 1. No substantive hearings have occurred yet, and the Court has not issued any rulings. Furthermore, because the Proposed Intervenor-Defendant proposes to comply with forthcoming scheduling orders and will endeavor to avoid duplication of issues with the other parties, there is no danger of material prejudice to Plaintiff Issa or to Defendant Weber. In short, under any test of timeliness, this Motion satisfies this provision of Rule 24(a)(2). *See Idaho Farm Bureau Fed'n*, 58 F.3d at 1397; *In re Cal. Micro Devices Sec. Litig.*, 168 F.R.D. 276, 277 (N.D. Cal. 1996)(finding timely a motion for permissive intervention filed at pleading stage).

2. The Proposed Intervenor-Defendant Has Significantly Protectable Interests That Would Be Affected By Plaintiff Issa's Suit.

The sufficiency of an intervenor's legally protectable interest "'is a practical, threshold inquiry [and n]o specific legal or equitable interest need be established.'" *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citing *Greene*

*v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). "'[I]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Wilderness Soc'y*, 630 F.3d at 1176 (citations omitted); *see also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim). A legally protectable interest could be an "existing legal right, contract, or permit[] relating to" the subject of the litigation. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 819. This requirement is readily satisfied here.

The relief Plaintiff seeks — a permanent injunction prohibiting Defendant from implementing and enforcing the relevant parts of California law, including CAL. ELEC. CODE § 3020,[6] will plainly affect the legally protected interests of Proposed Intervenor-Defendant whose interests as a voter and as a candidate are impacted by CAL. ELEC. CODE § 3020. To wit, Plaintiff seeks to deprive Proposed Intervenor-Defendant of current rights under the law to have his own absentee ballot counted, should it be late-filed. Further, Plaintiff seeks to deprive Proposed Intervenor-Defendant his right to be elected to Congress, should late-filed ballots be the deciding ballots in the race, but remain uncounted as a result of the injunction Plaintiff seeks. Defendant Issa essentially concedes this through allegations in his complaint, including "Republicans receive a lower proportion of votes cast in late-arriving [absentee] ballots compared to timely-cast ballots," and "[t]wo of Plaintiff's Republican colleagues lost their reelection campaigns in 2024 due to late-arriving [absentee] ballots." Complaint, ECF No. 1, at ¶¶ 31, 34

---

[6] Quite ironically, in February 2025, Plaintiff Issa, in his role as a current member of Congress, introduced the No Rogue Rulings Act of 2025, which has already passed the House. The No Rogue Rulings Act of 2025 provides in part, that "no United States district court shall issue any order providing for injunctive relief, except in the case of such an order that is applicable only to limit the actions of a party to the case before such district court with respect to the party seeking injunctive relief from such district court and non-parties represented by such a party acting in a representative capacity pursuant to the Federal Rules of Civil Procedure." H. Rept. 119-40 - NO ROGUE RULINGS ACT OF 2025, https://www.congress.gov/congressional-report/119th-congress/house-report/40/1.

### 3. Disposition of This Case May Impair or Impede Proposed Intervenor-Defendant's Ability to Protect His Interests.

To show impairment of interests for the purposes of Rule 24(a)(2), a proposed intervenor need show only that the disposition of an action "may as a practical matter" impede the intervenor's ability to protect its interests in the subject of the action. Fed. R. Civ. P. 24(a)(2) (emphasis added). In evaluating this question, "'the court is not limited to consequences of a strictly legal nature.'" *Forest Conservation Council*, 66 F.3d at 1497-98 (citation omitted); see also Fed. R. Civ. P. 24 advisory committee's notes to 1966 Amend. ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene. . . ."). Where the relief sought by the Plaintiff would have direct, immediate, and harmful impact on a third party's interests, that adverse impact is sufficient to satisfy Rule 24(a)(2). *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (stating that "there is no question" that proposed intervenor Mongolia's environmental agency's interests would be impaired by a decision in favor of an environmental group in a case regarding the application of the U.S. Endangered Species Act to sheep located within Mongolia); *Sagebrush Rebellion*, 713 F.2d at 528 (holding that "an adverse decision in this suit would impair [proposed intervenor environmental groups'] interest in the preservation of birds and their habitats").

Here, if this Court grants a permanent injunction prohibiting Defendant Weber from implementing and enforcing the relevant parts of California law, including CAL. ELEC. CODE § 3020, the clock will still tick and the 2026 election will still happen, but the only votes counted will be the votes Plaintiff Issa prefers to be counted. Absent Proposed Intervenor Defendant's intervention as a party in this action, his arguments, and his assertions of rights may not be included in this Court's consideration.

### 4. Defendant Weber Cannot Adequately Represent Proposed Intervenor-Defendant's Interests.

Defendant Weber, in her official capacity as Secretary of State of California, cannot adequately represent Intervenor-Defendant's interest in this matter for obvious reasons. First, Defendant Weber, unlike Proposed Intervenor Defendant, is neither a voter in the 48th Congressional District, or a Candidate for Congress for the 48th Congressional District. Thus, while the outcome of this litigation will impact her work, it will not impact who is representing her in Congress, or whether she is elected to Congress.

Second, Plaintiff Issa makes loaded allegations and arguments in his complaint that may not be appropriate for Defendant Weber to address plainly due to her obligations to faithfully fulfill her duties to administer the provisions of the Elections Code in a non-partisan manner.

For example, Plaintiff Issa fails to allege the proper venue in this District is based upon his own domicile within the District. Complaint, ECF No. 1 at ¶ 9. Defendant Weber may find it inappropriate to question whether this because Plaintiff Issa is not domiciled in the District. Proposed Intervenor-Defendantmay choose to raise that that defense perhaps suggesting that proper venue is where Defendant Weber is domiciled, while Defendant Weber should not be expected to raise that defense as it could be seen as a accusation that Plaintiff Issa is a carpetbagger, which could have political consequences for Plaintiff Issa.

In another example, Plaintiff Issa alleges that he "suffers electoral harm" when late-arriving ballots are cast against him and that "he faces a material risk that he may lose future elections" due to the counting of late-arriving ballots. Complaint, ECF No. 1 at ¶ 60. He also alleges late-arriving ballots "substantially increases the pool of total votes cast and dilutes the weight of votes cast by Mr. Issa's supporters." *Id.* at ¶ 66. Proposed Intervenor-Defendantis uniquely situation to rebut the causes of Plaintiff Issa's alleged injuries, and even offer alternative explanations of why Plaintiff Issa

8

would be harmed by the counting of late-arriving ballots, whereas Defendant Weber should not be expected to do that.

### B. In the Alternative, The Proposed Intervenor-Defendant Should Be Granted Leave For Permissive Intervention Under Federal Rule of Civil Procedure 24(b).

Federal Rule of Civil Procedure 24 contemplates two forms of intervention intervention of right and permissive intervention—and a court may grant an intervenor's motion on either basis. *UAW, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965). Permissive intervention under Rule 24(b) should be allowed when: (1) the applicant has independent grounds for jurisdiction; (2) the applicant's motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). Under this standard, neither the inadequacy of representation, nor a direct interest in the subject matter of the action, need be shown. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), abrogated on other grounds by *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). In exercising its discretion, the Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2).

As previously demonstrated, the Proposed Intervenor-Defendant's Motion to Intervene is timely, will not cause undue delay, and will not prejudice Plaintiff or Defendant. Moreover, as discussed above, the Proposed Intervenor-Defendant possesses legally protectable interests in legal rights as a 48th Congressional District voter and as a 48th Congressional District candidate subject to Plaintiff's challenge. The potential for harm to those interests from Plaintiff's suit provides an independent basis for jurisdiction, particularly given the minimal showing required by Federal Rule of Civil Procedure 24(b). See, e.g., *In re Cal. Micro Devices Sec. Litig.*, 168 F.R.D. at 277 (using cursory analysis to find pension fund could intervene under Rule 24(b)). Because intervention would contribute to the just and equitable adjudication of the legal questions presented, it should be permitted.

## V. Conclusion

Based upon the above reasons, the Court should allow Intervenor Defendant, Curtis Morrison, to intervene as a Defendant in this case with full rights as a party.

Dated: April 1, 2025

/s/ Curtis Lee Morrison
Curtis Lee Morrison (SBN 321106)

Hamdy Masri (CSBN 354242)
Garrett Carter May (DCBN 90018027)*
Red Eagle Law, L.C.
5256 S. Mission Road,
Suite 135
Bonsall, CA 92003
curtis@redeaglelaw.com

*Attorneys for the Proposed Intervenor-Defendant*
* Application for Admission *Pro Hac Vice* Forthcoming